IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOANN WUNDER, *individually and on behalf of the heirs-at-law of deceased* Thomas Wunder | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 13-4014-KGS |
| ELETTRIC 80, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendants Elettric 80, Inc. and Elettric 80, S.P.A.'s (collectively, "Elettric 80") Joint Motion for Summary Judgment (ECF No. 42) and Request for Oral Argument on their Motion for Summary Judgment (ECF No. 58).[1] In this case, Plaintiff Joann Wunder brings a products liability action under theories of strict liability and negligence against Elettric 80. Ms. Wunder alleges that her husband, Thomas Wunder, died as a result of a workplace accident involving a laser guided vehicle ("LGV") allegedly manufactured and/or sold by Elettric 80. Elettric 80 argues that summary judgment should be granted in its favor because Ms. Wunder cannot establish the causation element of her claims. For the reasons explained below, defendants' joint motion for summary judgment is denied.

### I.   Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."[2] A fact is

---

[1] D. Kan. Rule 7.2 states that "[t]he court may set any motion for oral argument or hearing at the request of a party or on its own initiative." The discretion to schedule oral argument lies with the Court. The Court finds that oral argument will not materially aid in the resolution of defendants' joint motion for summary judgment and is unnecessary. Elettric 80 failed to provide any reason why oral argument is needed and the Court does not discern any because neither the facts nor law with regard to this motion are complex. The Court denies defendants' request.

[2] Fed. R. Civ. P. 56(a).

"material" if it is "essential to the proper disposition of the claim."[3] An issue of fact is "genuine" "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[4] The court views the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.[5]

The movant bears the initial burden of establishing the lack of a genuine issue of material fact and the entitlement to a judgment as a matter of law.[6] To meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the claims of the opposing party; instead, the moving party can simply point out the absence of evidence for the other party on an essential element of that party's claim.[7]

If the movant carries this initial burden, the burden shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial."[8] The nonmovant may not rest on mere allegations or denials of its pleading.[9] Rather, the nonmovant must give "specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10] "Conclusory and self-serving affidavits are not sufficient" to show disputed material facts.[11] In addition, the nonmovant cannot rely "on ignorance of facts, on

---

[3] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[4] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248).

[5] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[6] *Adler*, 144 F.3d at 670-71; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] *See Celotex Corp.*, 477 U.S. at 325; *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995).

[8] *Anderson*, 477 U.S. at 256; *see also Adler*, 144 F.3d at 671 n.1 (discussing burden shifting for a motion for summary judgment).

[9] *Anderson*, 477 U.S. at 256.

[10] *Adler*, 144 F.3d at 671 (citations and quotation marks omitted).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial."[12]

## II. Admissibility of Deposition Testimony

Before addressing the merits of this motion, the Court first examines an evidentiary issue. Prior to filing the current lawsuit, Ms. Wunder filed an application for workers' compensation benefits against Del Monte Foods Co. for the death of her husband, Mr. Wunder. Ms. Wunder was represented by the same counsel in the workers' compensation proceeding as she is in this current lawsuit. The parties in that proceeding conducted extensive discovery concerning Mr. Wunder's death, including deposing sixteen persons. Elettric 80 cites portions of these sixteen depositions in this matter to support its assertion that no one saw the LGV strike Mr. Wunder at the time of his accident.[13] These same persons are identified as witnesses in Ms. Wunder's initial Rule 26 disclosures, and she cites some of their depositions in response to the current motion.

Elettric 80 argues that although *it* may use deposition testimony taken during the workers' compensation proceedings to support its summary judgment motion, *Ms. Wunder* cannot use that same testimony against Elettric 80.[14] Citing Fed. R. Evid. 801 (Rule that defines hearsay and excluded statements) and 802 (Rule against the use of hearsay) and Fed. R. Civ. P. 32(a) (Rule governing the use of depositions in court proceedings), defendants contend, in part, that the deposition testimonies are hearsay and cannot be used against them because they were not parties to the workers' compensation proceedings or represented at those depositions. Elettric

---

[12] *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (citing *Bryant v. O'Connor*, 848 F.2d 1064, 1067 (10th Cir. 1988)).

[13] Many of these witnesses offer immaterial testimony on this point, as they were not at work that day, not in the building, or not near the scene of the accident.

[14] *See* Reply in Supp. of Mot. for Summ. J. at 4-6, ECF No. 52.

80 also argues that the deposition testimonies, particularly that of Pablo Cerca and Courtney Sanders, are inadmissible under Fed. R. Civ. P. 56(c)(2).[15] The Court disagrees.

At the summary judgment stage, the content or substance of any evidence relied upon must be admissible, but the evidence need not be submitted in a form that would be admissible at trial.[16] For example, Fed. R. Civ. P. 56(c)(1)(A) specifically permits a party to support its factual assertions by means of a deposition transcript or affidavit, even though these are forms of evidence that are usually inadmissible as hearsay at trial.[17] The rationale is that the same facts may ultimately be presented at trial in an admissible form.[18] As the Tenth Circuit has explained, a witness to a car accident could not submit his testimony at trial via affidavit because that statement would be hearsay; at the summary judgment stage, however, the affidavit is proper because its content—the eyewitness account of the affiant—is admissible.[19] "To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury."[20] If material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence, then a party may object to it as improper.[21]

---

[15] Fed. R. Civ. P. 56(c)(2) permits a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."

[16] *Dodson Aviation, Inc. v. HLMP Aviation Corp.*, No. 08-4102-KGS, 2011 WL 1234705, at *8 (D. Kan. Mar. 31, 2011) (citing *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005); *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006)).

[17] *See id.* (citing Fed. R. Civ. P. 56(c)(1)(A); *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1210 (10th Cir. 2010)); *Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) ("Deposition testimony is ordinarily inadmissible hearsay, although Rule 32(a) creates an exception to the hearsay rules.").

[18] *Trevizo*, 455 F.3d at 1160.

[19] *Bryant*, 432 F.3d at 1122.

[20] *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

[21] Fed. R. Civ. P. 56(c)(2).

Elettric 80 argues that the deposition testimonies are hearsay. In general, Rule 32(a) authorizes the use of a deposition at trial or a hearing if the deposition is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying, as will be applied here. "Rule 32(a) creates of its own force an exception to the hearsay rule . . . . [T]he fact that the deponent is not present in court and that it is his out-of-court statement at the deposition that is being read is not in itself ground for objection."[22] Courts, however, should disregard any inadmissible statements (e.g., hearsay) contained *within* affidavits or deposition transcripts that could not be presented at trial in any form.[23] Thus, although evidence presented in the form of an affidavit or deposition at the summary judgment stage can be "converted" in form into live testimony at trial, the content or substance must be otherwise admissible, and any hearsay contained in an affidavit or deposition remains hearsay beyond a court's consideration.[24] Elettric 80, however, does not point to any statement made by any deponent *within* the deposition transcript that would inadmissible if testified to at trial. Elettric 80 appears to only object to the form of evidence, rather than a specific hearsay statement. Elettric 80's hearsay objection is overruled.

Turning to Elettric 80's Rule 32(a) objection, a deposition generally may be used against a party in a court proceeding on these conditions:

> (A)   the party was present or represented at the taking of the deposition or had reasonable notice of it;
>
> (B)   it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

---

[22] *Dodson Aviation, Inc.*, 2011 WL 1234705, at *9 n.111 (citing 8A Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 2143 (3d ed.)); *see Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962-63 (10th Cir. 1993) (stating that Rule 32(a) creates an exception to the hearsay rules for deposition testimony).

[23] *Id.* at *9 (citing *Argo*, 452 F.3d at 1199).

[24] *Id.* at *9 (citing *Johnson*, 594 F.3d at 1210).

       (C)      the use is allowed by Rule 32(a)(2) through (8).[25]

Pursuant to Fed. R. Civ. P. 32(a)(8), "[a] deposition lawfully taken and, if required, filed in any federal—or state—court action may be used in a later action involving the same subject matter *between the same parties, or their representatives or successors in interest*, to the same extent as if taken in the later action."[26] The depositions cited to by both parties do not satisfy the Rule 32(a)(8) standard on their face. This rule, however, is primarily applied as a limitation on introducing deposition testimony at trial.[27] Although some courts have applied Rule 32(a) to deposition testimony introduced in summary judgment proceedings, the Tenth Circuit has rejected this approach and stated that this "application represents an overly-expansive view of the Rule, given the purpose of the rule and the mechanics of summary judgment procedure."[28]

      As previously mentioned, a party may cite to depositions or affidavits to support factual assertions.[29] "Because a deposition is taken under oath and the deponent's responses are relatively spontaneous, it is one of the best forms of evidence for supporting or opposing a summary-judgment motion."[30] "[A] deposition is at least as good as an affidavit and should be usable whenever an affidavit would be permissible."[31] As one court has stated, there is no need to require a party presenting deposition testimony to obtain an affidavit that reiterates the

---

[25] Fed. R. Civ. P. 32(a)(1).

[26] Fed. R. Civ. P. 32(a)(8) (emphasis added).

[27] *Tingey v. Radionics*, 193 F. App'x 747, 765-66 (10th Cir. 2006) (holding that the district court erred in excluding deposition testimony taken in a separate proceeding that did not comply with Rule 32, by analogizing the deposition to an affidavit).

[28] *Id.*; *see Dodson Aviation, Inc.*, 2011 WL 1234705, at *9.

[29] Fed. R. Civ. P. 56(c)(1)(A).

[30] *Dodson Aviation, Inc.*, 2011 WL 1234705, at *9 (quoting 10A Charles Alan Wright *et al., Federal Practice and Procedure* § 2722 (3d ed.)).

[31] *Id.* (quoting *Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 768 (8th Cir. 1992)).

information given in a deposition.[32] Accordingly, the Tenth Circuit held that a deposition not meeting the Fed. R. Civ. P. 32 requirements is still admissible in a summary judgment briefing if the deposition meets the requirements of an affidavit pursuant to Fed. R. Civ. P. 56.[33] This includes depositions taken for purposes of another case,[34] as done here.

Fed. R. Civ. P. 56(c)(4) requires that an affidavit must be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[35] Elettric 80 directs the Court's attention to Ms. Wunder's statement of additional facts set forth in her response brief that includes deposition testimony of two witnesses, Mr. Cerca and Mr. Sanders, taken during the workers' compensation proceeding. Despite relying on other portions of Mr. Cerca's and Mr. Sanders' testimony, Elettric 80 argues that a number of these additional facts are not based on personal knowledge, are speculative, and contradict the witness' earlier testimony.

Elettric 80 claims that these two witnesses unequivocally state in their deposition testimony that they did not see the LGV strike Mr. Wunder, and therefore, lack personal knowledge to make certain statements cited by Ms. Wunder (e.g., "The LGV pushed Mr. Wunder into the forklift"). "Under the personal knowledge standard, an affidavit is inadmissible if 'the witness could not have actually perceived or observed that which he testifies to.'"[36]

---

[32] *Microsoft Corp. v. Very Competitive Computer Prods. Corp.*, 671 F. Supp. 1250, 1254 n.2 (N.D. Cal. 1987).

[33] *Tingey*, 193 F. App'x at 765-66; *see also Dodson Aviation, Inc.*, 2011 WL 1234705, at *9 (citing various other courts finding the same).

[34] *See Tingey*, 193 F. App'x at 765; *see also Dodson Aviation, Inc.*, 2011 WL 1234705, at *8-9.

[35] *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.").

[36] *Argo*, 452 F.3d at 1200 (citations omitted).

"'[S]tatements of mere belief' in an affidavit must be disregarded."[37] These two witnesses were physically nearby when the incident occurred and claim to have actually observed the events or facts to which they testified. Therefore, the cited testimony appears to be based on personal knowledge, not on mere speculation. Moreover, contradictory testimony in and of itself does not preclude a court's consideration exclusively because it conflicts with a prior sworn statement.[38] Courts, however, can disregard contradictory statements when it constitutes an attempt to create a sham fact.[39] Elettric 80 fails to provide any evidence of an attempt to create a sham fact, and therefore, the testimony will not be disregarded based on any alleged contradictory statements.[40]

In conclusion, the Court finds it appropriate to consider the deposition testimony transcripts cited to by both parties for the purposes of this summary judgment motion.

### III.  Facts

The following facts are either uncontroverted or, if controverted, construed in the light most favorable to Ms. Wunder.

On May 20, 2011, Mr. Wunder was working at Del Monte Foods Co. when a conveyor system erroneously dumped two pallets of product on the facility floor. Mr. Wunder got off the forklift he was operating and helped pick up the pallets and restack the product. In the meantime, an LGV, allegedly manufactured or sold by defendants, began coming down a pathway toward

---

[37] *Id.*

[38] *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 973 (10th Cir. 2001) ("[I]n determining whether a material issue of fact exists, an affidavit may not be disregarded [merely] because it conflicts with the affiant's prior sworn statements."); *Lombardo v. Potter*, 368 F. Supp. 2d 1178, 1183 (D. Kan. 2005) ("In determining whether to consider plaintiff's affidavit, the court notes that contradictions found in a witness's testimony are not, in themselves, sufficient to preclude consideration of such testimony.").

[39] *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986).

[40] *Id.* ("Factors relevant to the existence of a sham fact issue include whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain.").

the forklift. The LGV was equipped with a sensor or electric eye that is supposed to automatically stop the LGV when it detects an object in its path. There is evidence that the sensors, however, do not always detect objects in their path.[41] Specifically, the sensors do not detect forklifts because forklifts apparently sit slightly higher than the sensor will read.[42]

After realizing the LGV was coming his way, Mr. Wunder ran toward the LGV in a possible attempt to push its emergency stop button and thereby prevent it from hitting the forklift. However, Mr. Wunder fell or dove between the approaching LGV and the stationary forklift.[43] One witness, Gerrod Williams, stated that Mr. Wunder intentionally dove between the two machines in an attempt to trigger the sensor.[44] Mr. Williams further stated that, despite Mr. Wunder diving to stop the LGV, the LGV did not touch either Mr. Wunder or the forklift.[45] However, another witness, Mr. Sanders, stated that Mr. Wunder threw his hat in a failed attempt to trigger the sensor and then fell between the two machines.[46] Mr. Sanders further stated that the LGV pushed Mr. Wunder into the forklift, moving the forklift momentarily, and damaging the LGV.[47] Mr. Wunder died apparently from the injuries he sustained in this accident.

### IV. Analysis

The Kansas Product Liability Act ("KPLA"), K.S.A. § 60-3301, *et seq.*, applies to all product liability claims regardless of the substantive theory of recovery (i.e., strict liability or

---

[41] Dep. of Pablo Cerca at 5, ECF No. 48.

[42] *Id.*

[43] One witness stated that Mr. Wunder intentionally dove between the two in an attempt to trigger the sensor. *See* Dep. of Gerrod Williams at 3-4, ECF No. 43-15. Another witness stated that Mr. Wunder threw his hat in a failed attempt to accomplish that task, then fell between the two. *See* Dep. of Courtney Sanders at 2-3, ECF No. 49.

[44] *See* Dep. of Gerrod Williams at 3, ECF No. 43-15.

[45] *See id*. at 3-4.

[46] *See* Dep. of Courtney Sanders at 2-3, ECF No. 49.

[47] *See id.* at 10-12.

negligence).[48] To establish a prima facie case based on strict liability or negligence in a products liability action, plaintiff must prove that (1) the injury resulted from a condition of the product, (2) the condition was an unreasonably dangerous one, and (3) the condition existed at the time it left the defendants' control.[49] Regardless of the theory upon which recovery is sought, proof that a product defect caused the injury is a prerequisite to recovery.[50] In this case, Elettric 80 argues Ms. Wunder cannot establish causation because of the absence of evidence that the LGV struck Mr. Wunder or caused him to fall, which led to his death. Elettric 80 need not come forward with evidence showing a lack of causation to meet its summary judgment burden.[51] Instead, Elettric 80 must simply point out a lack of evidence to support the essential element of causation.[52] The burden shifts to Ms. Wunder to set forth specific facts that would be admissible in evidence in the event of trial and from which a rational trier of fact could find in her favor.[53] Ultimately, "[c]ausation is an element to be proved by plaintiff in presenting his [or her] case."[54]

---

[48] *See* K.S.A. § 60-3302(c) (A "'[P]roduct liability claim' includes any claim or action brought for harm caused by the manufacture, production, making, construction, fabrication, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, storage or labeling of the relevant product. It includes, but is not limited to, any action based on, strict liability in tort, negligence . . . ."); *Savina v. Sterling Drug, Inc.*, 795 P.2d 915, 931 (Kan. 1990).

[49] *Messer v. Amway Corp.*, 210 F. Supp. 2d 1217, 1227 (D. Kan. 2002); *Samarah v. Danek Med., Inc.*, 70 F. Supp. 2d 1196, 1202 (D. Kan. 1999); *Jenkins v. Amchem Prods., Inc.*, 886 P.2d 869, 886 (Kan. 1994); *see also* PIK Civ. 4th 128.17.

[50] *Miller v. Pfizer Inc. (Roering Division)*, 196 F. Supp. 2d 1095, 1125 (D. Kan. 2002), *aff'd*, 356 F.3d 1326 (10th Cir. 2004) (citing *Wilcheck v. Doonan Truck & Equip., Inc.*, 552 P.2d 938, 942 (Kan. 1976); *Samarah*, 70 F. Supp. 2d at 1202).

[51] *See, e.g.*, *Burton v. R.J. Reynolds Tobacco Co.*, 181 F. Supp. 2d 1256, 1270 (D. Kan. 2002) ("[Defendant] Brown & Williamson points to an absence of evidence of causation in its summary judgment motion. Brown & Williamson need not come forward with evidence showing a lack of causation to meet its summary judgment burden. Instead, Brown & Williamson meets its summary judgment burden by simply pointing out a lack of evidence supporting an essential element of plaintiff's claim, that the use of Lucky Strike cigarettes caused plaintiff's PVD.").

[52] *See id.* at 1260.

[53] *Id.* (citing *Anderson,* 477 U.S. at 256; *Adler*, 144 F.3d at 671 n.1).

[54] *Sell v. Bertsch & Co.*, 577 F. Supp. 1393, 1396 (D. Kan. 1984); *see Hildebrand v. Sunbeam Prods., Inc.*, 396 F. Supp. 2d 1241, 1249 (D. Kan. 2005).

To prove causation, the plaintiff must show the defective product is the actual and proximate cause of the injury.[55] Proximate causation is generally deemed to require that the injury be reasonably foreseeable.[56] "The proximate or legal cause of an injury is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act."[57] As explained by the Kansas Supreme Court,

> This traditional statement of proximate cause incorporates concepts that fall into two categories: causation in fact and legal causation. To prove causation in fact, a plaintiff must prove a cause-and-effect relationship between a defendant's conduct and the plaintiff's loss by presenting sufficient evidence from which a jury could conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. To prove legal causation, the plaintiff must show that it was foreseeable that the defendant's conduct might create a risk of harm to the victim and that the result of that conduct and contributing causes were foreseeable.[58]

"The mere fact that a person suffered injury while using a product is insufficient in itself to satisfy the requirement of proof that a defect in the product was a proximate cause of the injury."[59]

The elements of a product liability claim "may be proven inferentially, by either direct or circumstantial evidence."[60] In addition, the Court notes that "Kansas courts have repeatedly held

---

[55] *Markham v. BTM Corp.*, No. 08-4032-SAC, 2011 WL 1231084, at *7 (D. Kan. Mar. 30, 2011) (citing *Miller*, 196 F. Supp. 2d at 1125; *Wilcheck*, 552 P.2d at 942).

[56] *Wilcheck*, 552 P.2d at 942.

[57] *Id.* at 942-43.

[58] *Puckett v. Mt. Carmel Reg'l Med. Ctr.*, 228 P.3d 1048, 1060 (Kan. 2010) (internal citations omitted).

[59] *Wilcheck*, 552 P.2d at 943.

[60] *Robison Farms, Inc. v. ADM Alliance Nutrition, Inc.*, No. 05-4089-KGS, 2007 WL 2875132, at *14 (D. Kan. Sept. 29, 2007) (citations omitted); *see also Dorn v. BMW of N. Am., LLC*, No. 09-1027-WEB, 2010 WL 3913226, at *6 (D. Kan. Sept. 30, 2010) ("A product liability claim may be proven by either direct or circumstantial

'the question of causation in a product liability case is one for resolution by the jury in the absence of conclusive proof that makes only one result possible.'"[61] Therefore, this Court will not grant summary judgment on the basis of causation unless Ms. Wunder has not produced any evidence from which a reasonable jury could conclude that the alleged defective LGV was an actual and proximate cause of Mr. Wunder's injury.

The Court is convinced that Ms. Wunder has produced sufficient evidence on the issue of causation to survive summary judgment. As mentioned above, Elettric 80 asserts that the LGV did not strike or cause Mr. Wunder to fall, and therefore, Ms. Wunder cannot raise a material question of fact regarding causation. The Court agrees that the deposition testimony cited by the parties does not include a witness who directly saw the LGV strike Mr. Wunder. In fact, one witness, Mr. Williams, who was positioned near Mr. Wunder at the time of the accident, unequivocally stated that the LGV did not strike Mr. Wunder or the forklift.

However, Mr. Sanders, a nearby witness who claims to have had a better view than Mr. Williams,[62] inferred through his direct observation of the accident that the LVG did strike Mr. Wunder.[63] Specifically, Mr. Sanders testified that he saw Mr. Wunder fall between the LGV and the forklift, the LGV strike the forklift and push it up a quarter inch or more then come back

---

evidence."); *Kinser v. Gehl Co.*, 989 F. Supp. 1144, 1148 (D. Kan. 1997) ([T]he court observes "the general trend in the law is that plaintiffs may prove product defect through circumstantial evidence."); *Mays v. Ciba-Geigy Corp.*, 661 P.2d 348, 360 (Kan. 1983) (The elements of a product liability claim "may be proven inferentially, by either direct or circumstantial evidence.").

[61] *Kinser*, 989 F. Supp. at 1148 (citing *Sell*, 577 F. Supp. at 1397; *Palmer v. Ford Motor Co.*, 498 F.2d 952, 953 (10th Cir. 1974); *Meyerhoff v. Michelin Tire Corp.*, 852 F. Supp. 933, 947 (D. Kan. 1994)); *see Markham*, 2011 WL 1231084, at *11 ("[W]hether the risk of harm is reasonably foreseeable is a question for the trier of fact. Only when reasonable persons could arrive at but one conclusion may the court decide the question as a matter of law."); *Burton*, 181 F. Supp. 2d at 1270 ("Questions of actual and proximate cause are questions of fact for a jury, unless all the evidence relied upon by a party is undisputed and susceptible of only one inference.") (internal quotation marks omitted).

[62] Dep. of Courtney Sanders at 6, ECF No. 49.

[63] *Id*. at 10-12.

down and rest on the LGV, and the grooves imbedded into the LGV where it hit the back of the forklift before the grooves were painted over at a later date.[64] In addition, Mr. Sanders observed the way Mr. Wunder was pinned between the LGV and the forklift and the distinctive injury on Mr. Wunder's forehead, which Mr. Sanders believes is conducive to an injury sustained by the LGV pushing Mr. Wunder into the back wheel of the forklift.[65] Because the elements of a products liability claim can be inferred by direct or circumstantial evidence, this is sufficient evidence to show a material issue of fact as to whether the LGV actually struck Mr. Wunder. The Court declines to grant summary judgment on the issue of causation because a rational trier of fact could find that the LGV was the actual and proximate cause of Mr. Wunder's injury.

The Court notes that, as an alternative argument, Ms. Wunder suggests there is no impact requirement to prove causation. She submits that the accident would not have occurred but for the moving LGV with a sensor that often failed to detect forklifts. Further, she asserts it is foreseeable for a person to become injured while attempting to stop a defective LGV from crashing into equipment, regardless of whether the LGV actually struck the person or not. Because a question of material fact already exists as to the issue of causation, the Court refrains from examining this alternative argument at this time. Discovery in this case is still ongoing and is scheduled to conclude with expert discovery by November 10, 2014. The parties are permitted to conduct discovery regarding this alternative argument and raise this issue with a dispositive motion after the close of discovery.

Accordingly,

---

[64] *Id.* at 3, 11-12.

[65] *Id.* at 10-11.

**IT IS THEREFORE ORDERED** that Defendants Elettric 80, Inc. and Elettric 80, S.P.A.'s Joint Motion for Summary Judgment (ECF No. 42) is hereby denied.

**IT IS FURTHER ORDERED** that Defendants Elettric 80, Inc. and Elettric 80, S.P.A.'s Request for Oral Argument (ECF No. 58) is hereby denied.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
